IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH A. STAFFORD, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-424-RGA |
| JOHN DOE, et al., | : |
| Defendants. | : |

Kenneth A. Stafford, Newport, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 5, 2021
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Kenneth A. Stafford was a pretrial detainee at Howard R. Young Correctional Institution when he commenced this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He has since been released. (D.I. 10). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5, 14). The Complaint names as defendants the Delaware Department of Corrections, Commissioner Claire DeMatteis, the Newport P.D., Newport P.D. Officer Cashner, and Newport P.D. Officer John Doe.

The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

On October 27, 2020, Plaintiff was performing routine duties at St. James Church when Defendant Newport Police Officer John Doe, who did not have a warrant,[1] kicked in the door, put a gun to Plaintiff's head, and handcuffed him. (D.I. 3 at 5). Plaintiff was taken to the Newport Police Station, given the impression that he was about to be released, and "coerced into signing several documents." (*Id.*). Plaintiff was not released. (*Id.*). Instead, he was transported to HRYCI. (*Id.*).

---

[1] It is not clear what sort of warrant—search or arrest—Plaintiff is alleging was missing. Records later submitted by Plaintiff (D.I. 15 at 7) appear to show that the Court of Common Pleas issued a capias for Plaintiff on February 13, 2020. The next entry on the docket is the recall and return of the capias on October 30, 2020, suggesting that Officer Doe was executing the capias.

1

On November 11, 2020, Plaintiff "found out" that he had been charged with trespassing and criminal impersonation. (*Id.*). Plaintiff was still held at HRYCI when he commenced this action on March 24, 2021. (*Id.*). He alleges that he was subjected to "repeated torture and harassment," forced to "undergo multiple health evaluations, exposed to COVID-19 virus, pressured to waive" his rights by a plea agreement and to force him to make statements that "may exonerate all defendants from liability." (*Id.* at 5).

A mental health evaluation was ordered, and Plaintiff alleges the order caused his incarceration for about nine months. (D.I. 15 at 4). On July 2, 2021, the charges against Plaintiff were nolle prossed by the Attorney General. (*Id.* at 9). On July 22, 2021, Plaintiff advised the Court that he was "unexpectedly" released from prison. (D.I. 10).

Plaintiff seeks compensatory damages and criminal charges against Defendants, all of whom are sued in their official and individual capacities. (D.I. 3 at 7). In addition, Plaintiff filed a motion for leave to amend and a request for counsel. (D.I. 8).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). See also 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and

take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

3

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Eleventh Amendment**. The Delaware Department of Correction is a named defendant. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its Eleventh Amendment immunity. *Jones v. Mirza*, 685 F. App'x 90, 92 (3d Cir. 2017). As an agency of the State of Delaware, the Department of Correction has immunity under the Eleventh Amendment. *See, e.g., Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity). Therefore, the DOC will be dismissed as a defendant due to its immunity from suit.

**Respondeat Superior/Personal Involvement.** The claim against Defendant Claire DeMatteis appears to be based upon her position as DOC Commissioner. There are no allegations directed towards DeMatteis. She is referenced only as a named defendant. Nor does the Complaint contain any allegations directed towards Officer Cashner.[2]

It is well established that a cause of action brought under 42 U.S.C. § 1983 requires a plaintiff to plead that each government official, through the official's own individual actions, has violated the Constitution. *Rahim v. Holden*, 831 F. Supp. 2d 845, 848-49 (D. Del. 2011) (citing *Ashcroft*, 556 U.S. at 676). A defendant must have personal involvement in the alleged wrongs to be liable. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Vicarious liability is inapplicable to § 1983 suits. *Rahim*, 831 F.Supp.2d at 849.

Plaintiff provides no facts as to how or when DeMatteis violated his constitutional rights, how DeMatteis expressly directed the deprivation of his constitutional rights, or that DeMatteis had any role in the alleged wrongdoing or was in any way responsible for the acts of any of the other named defendants. Nor does the Complaint contain any allegations that Officer Cashner violated Plaintiff's constitutional rights. Therefore, the Court will dismiss the claims raised against them. The Court finds amendment futile as to the claims raised against these defendants.

---

[2] An affidavit Plaintiff filed references Defendant Newport Police Officer Cashner. (*See* D.I. 15). Plaintiff states that Cashner gave him "bicycle riding tickets". (D.I. 15 at 2, 3). Even were I to construe the statements as part of the Complaint, they do not state a claim against Cashner.

**Excessive Force**. Plaintiff alleges that Officer Doe, who did not have a warrant, put a gun to his head and handcuffed him. The pointing of a weapon can amount to constitutionally excessive force, depending on the circumstances of application. *Couden v. Duffy*, 446 F.3d 483, 497 (3d Cir. 2006) (citing *Robinson v. Solano Cty.*, 278 F.3d 1007, 1015 (9th Cir. 2002) (finding the law sufficiently established in 2002 to recognize the "general principle that pointing a gun to the head of an apparently unarmed suspect during an investigation" can constitute excessive force, "especially where the individual poses no particular danger")). Plaintiff may proceed with this Fourth Amendment excessive force claim.

**Municipal Liability**. Plaintiff names the Newport Police Department as a defendant. The § 1983 claims against the Police Department are not cognizable. While a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997)l; *see Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality).

A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must

(1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Even were the Police Department a proper defendant, Plaintiff has not pled that it was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the Police Department directly caused harm to Plaintiff, his § 1983 claim cannot stand.

However, Plaintiff has named Newport Police Officer John Doe as a defendant, and he will be allowed to procced against Doe. Hence, *sua sponte* dismissal of the Newport Police Department would make it very difficult or impossible for Plaintiff to discover the identity of Police Officer Doe who was involved in the October 27, 2020 incident. Therefore, in the interests of justice, the Court will direct service upon the Newport Police Department and will further direct it to identify Defendant Police Officer Doe who was involved in the October 27, 2020 incident as described in the complaint. Once Plaintiff learns the identity of Police Officer Doe, he must immediately move the Court for an order directing amendment of the caption and service of the complaint on him. *See Borges v. Administrator for Strong Mem'l Hosp.*, 2002 WL 31194558, at *1 n.1 (W.D.N.Y. Sept. 30, 2002). *See also Searcy v. Dallas Police Dep't*, 2001 WL 611169 (N.D. Tex. May 31, 2001) (ordering that service be completed on the unnamed defendant police officers through the police department).

**Motion to Amend**. Plaintiff moves to amend to add the names of defendants and list damages (D.I. 8). Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires. The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident & Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). While Plaintiff indicates what the amendments will generally concern, he does not provide any basis for, or facts of, the proposed amendment.

Accordingly, the motion for leave to amend will be denied without prejudice.

**Request for Counsel**. Finally, Plaintiff requests counsel. (D.I. 8). He states "Also I think this being *pro se* I'm not permitted to involve an attorney at this point should I be blessed with one? Is that so?" (*Id.* at 1). Plaintiff indicates that the law library is hostile to any assistance and his main mentor and supporter is going away for two weeks. (*Id.* at 2).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d

---

[3]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)

Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

I have reviewed the docket in this case as well as Plaintiff's filings. To date, Plaintiff has adequately represented himself in this matter. In addition, the remaining issue is not complex. Finally, this case is in its early stages and the sole defendant has not been served. Upon consideration of the entire record, I have concluded that counsel

---

(§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

9

is not necessary at this time. Therefore, the Court will deny Plaintiff's request for counsel without prejudice.

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice Plaintiff's combined motion for leave to amend and request for counsel (D.I. 8); (2) with the exception of the excessive force claim against Officer Doe, dismiss all other claims as frivolous and based upon Defendant's immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2); (3) dismiss Defendants Newport Police Office Cashner, Delaware Department of Correction, and Claire DeMatteis; and (4) allow Plaintiff to proceed against Newport Police Officer John Doe.

An appropriate Order will be entered.